# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JONATHON B. BRISTOW, )<br>       Plaintiff, )<br>v. )<br> )<br>DAWSON ENGLE, JUDGE; RICHARD )<br>SMOTHERMAN, POTTAWATOMIE )<br>COUNTY DISTRICT ATTORNEY; RUSS )<br>COCHRAN, ASSISTANT DISTRICT )<br>ATTORNEY; A. PANTER, ASSISTANT )<br>DISTRICT ATTORNEY; and KAREN )<br>BYARS, ATTORNEY, )<br> )<br>       Defendants. ) | Case No. CIV-11-375-W |

## REPORT AND RECOMMENDATION

Plaintiff, Jonathon B. Bristow, a state prisoner appearing *pro se* and *in forma pauperis*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

An initial review of the Complaint [Doc. #1] has been conducted pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915 (pertaining to *in forma pauperis* proceedings). It is recommended that the Complaint be dismissed *sua sponte* for failure to state a claim upon which relief may be granted and/or for seeking monetary relief from a defendant immune to such relief. It is further recommended that this dismissal count as a "prior occasion" or strike pursuant to 28 U.S.C. § 1915(g).

## I. Background and Claims for Relief

Plaintiff is incarcerated in the Pottawatomie County Public Safety Center. In his statement of facts, he claims he and four other suspects were arrested on June 17, 2009, for

breaking and entering and knowingly concealing stolen property – charges to which he says he pled guilty on February 16, 2011, pursuant to a plea bargain. Plaintiff states that he has been trying to withdraw his guilty plea, but has received no response from the Pottawatomie County District Court. Plaintiff states that he was released on bond approximately 129 days after his arrest, but that he never received a preliminary hearing during that time.

Plaintiff also states that when he and the four other suspects were arrested, Officer Chad Pope[1] took jewelry out of Plaintiff's left front pocket, and marked it as having been taken from him. According to Plaintiff, the officer then placed personal property taken from all five of the arrested men in one bag. According to Plaintiff, Officer Pope's actions constituted a mishandling of personal property. Complaint at 2

Finally, Plaintiff states that on February 25, 2011, he asked over the intercom what he should do to start to reverse his guilty plea. He states that he did not receive "a request of staff" until after 5:00 p.m. He states that on February 26, 2011, he completed a request to staff and sent it to the Pottawatomie court clerk. He states that he also sent requests of staff to the district attorney's office and to his own attorney, Karen Byars, on March 1, 2011.

Plaintiff contends that his right to a speedy trial has been violated, that his property has been mishandled, and that the district court has failed to answer his request to withdraw his guilty plea.

---

[1] Officer Pope is not a party to this action, and Plaintiff does not allege that any of the other defendants were involved in the alleged mishandling of property. Therefore, Plaintiff's claim regarding the alleged mishandling of property should be dismissed without prejudice.

## II. Grounds for *Sua Sponte* Dismissal

Pursuant to 28 U.S.C. § 1915A, this Court must review complaints filed in civil actions by prisoners seeking redress from a governmental entity or officer or employee of a governmental entity. After conducting the initial review, this Court must dismiss the complaint, or any portion of the complaint, which is frivolous, malicious or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2). *See also* 1915(e)(2)(B)(ii) (dismissal of a complaint filed *in forma pauperis* is proper for failure to state a claim upon which relief may be granted); *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009). As with a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court must accept Plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to Plaintiff. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

Because Plaintiff is proceeding *pro se*, his complaint must be construed liberally. *See id.* at 1218. The Court "review[s] the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face." *Young*, 554 F.3d at 1256 (quotations and citation omitted).

## III. Analysis

In addition to monetary relief, Plaintiff seeks "dismissal of any and all charges" against him. An order from this Court resulting in dismissal of criminal charges would be in the nature of habeas relief and is not available in a civil rights action brought pursuant to 42 U.S.C. § 1983. Rather, Plaintiff would have to challenge his conviction in an action

3

brought pursuant to 28 U.S.C. § 2254, after exhausting state court remedies. Habeas corpus "'is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement[.]'" *Marshall v. Ward*, 2011 WL 285563 at *4 (10th Cir. Jan. 31, 2011) (*quoting Heck v. Humphrey*, 512 U.S. 477 (1994)) (unpublished op.). To the extent that Plaintiff is seeking habeas relief, his claims should be dismissed without prejudice.

Plaintiff alleges generally that Defendants violated his right to a speedy a trial because none of them "noticed" that he had spent over 120 days in jail without a preliminary hearing. Such claims against all named defendants should be dismissed *sua sponte* for failure to state a claim upon which relief may be granted and/or for seeking monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)-(2). *See also* 28 U.S.C. § 1915(e)(2)(B)(ii).

First, Plaintiff's claims for monetary relief brought against Defendant Engle, identified as a Pottawatomie County Judge, must be dismissed under the doctrine of absolute judicial immunity:

> [O]ur cases make clear that [judicial] immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity . . . . Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.

*Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (citations omitted). Plaintiff does not contend that Defendant Engle was acting outside his judicial capacity, nor does he allege that Defendant Engle was acting "in complete absence of all jurisdiction." Therefore, claims against

4

Defendant Engle should be dismissed with prejudice based on the doctrine of absolute judicial immunity.[2]

Defendants Smotherman, Cochran and Panter are identified as the district attorney and assistant district attorneys respectively. All are entitled to prosecutorial immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (a state prosecutor is immune from a civil suit for damages under 42 U.S.C. § 1983 in initiating a prosecution and presenting state's case). Claims for monetary relief against Defendants Smotherman, Cochran and Panter should be dismissed with prejudice based on the doctrine of prosecutorial immunity.

Finally, Defendant Byars is identified as Plaintiff's attorney, presumably the attorney representing him in the criminal action brought against him. "To state a claim under [42 U.S.C.] § 1983 a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff's attorney was not acting "under color of state law" when she was representing Plaintiff. Even public defenders appointed by the court do not act "under color of state law" when representing defendants because they are not acting on behalf of the state but are, rather, adversaries of the state. *See id.* at 50. Accordingly, Defendant Byers is not a proper party to this civil rights action. Claims against Defendant Byers based on alleged violation of

---

[2]*See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) (dismissal with prejudice for failure to state a claim upon which relief may be granted is appropriate where granting leave to amend would be futile). *See also Bierly v. Hirata*, 368 Fed. Appx. 895, 897 (10th Cir. Mar. 3, 2010) (affirming district court's dismissal with prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii)) (unpublished op.).

Plaintiff's civil rights should be dismissed with prejudice for failure to state a claim upon which relief may be granted.

## RECOMMENDATION

It is recommended that Plaintiff's civil rights action against the named defendants be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915 and 1915A. To the extent Plaintiff has raised claims sounding in habeas corpus, those claims should be dismissed without prejudice. Plaintiff's claim regarding the alleged mishandling of property by Officer Pope should also be dismissed without prejudice. It is further recommended that this dismissal count as a "prior occasion" or strike pursuant to 28 U.S.C. § 1915(g).

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of the District Court by June __13th__, 2011. *See* Local Civil Rule 72.1. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this __23rd__ day of May, 2011.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE